PER CURIAM.
This is an appeal from an order denying class certification. Plaintiffs, a husband and wife, defaulted under an installment contract for the purchase of a lot under which the seller retained title until the purchase price was fully paid. Plaintiffs claim they are entitled to a refund of a portion of their payments which the seller is wrongfully retaining, and seek to proceed as representatives of a class of others they claim are similarly situated.
The trial court declined to certify a class because the claim did not meet several requirements of Florida Rule of Civil Procedure 1.220(a), one of which was that these plaintiffs would not “fairly and adequately protect and represent the interests of each member of the class.”
The trial court arrived at its conclusion based on facts reflected by the depositions of plaintiffs. We cannot say that the court erred in declining certification on that basis. See Williams v. Dade County, 625 So.2d 1254 (Fla. 3d DCA 1993), rev. denied, 639 So.2d 984 (Fla.1994), and cases cited therein. See also Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 728 (11th Cir.1987), cert. denied, 485 U.S. 959, 108 S.Ct. 1220, 1221, 99 L.Ed.2d 421 (1988) (observing that the adequacy of class representation is “primarily a factual issue”).
We therefore affirm, but solely on the ground of inadequacy of these plaintiffs to represent the class.
GUNTHER, C.J., and STONE and KLEIN, JJ., concur.